IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KELLY KUNACK,

                          Plaintiff,

v.

THE BOEING COMPANY,

                          Defendants.

NO.

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

**JURY DEMAND**

This is a civil action brought by plaintiff Kelly Kunack against an employer, The Boeing Company for its unlawful and discriminatory failure to promote and pregnancy discrimination.

## I. PARTIES

1.1    Plaintiff Kelly Kunack is a United States citizen, and a resident of Renton, King County, Washington.

1.2    Defendant The Boeing Company (hereinafter referred to as "Boeing") is a Washington corporation. Defendant Boeing is an employer as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

## II. JURISDICTION AND VENUE

2.1    This Court has original jurisdiction over the Plaintiff's claims under Title VII, pursuant to 28 U.S.C. § 1331. Plaintiff has exhausted her remedies through the U.S. Equal

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

Employment Opportunities Commission ("EEOC") which determined that there was reasonable cause to believe that Boeing denied her a promotion in 2014 because of her pregnancy. Attached hereto as Exhibit A is the reasonable cause finding; also attached hereto as Exhibit B is the Notice of Right to Sue, dated November 21, 2017. Plaintiff files this action within the requisite ninety (90) day period.

2.2     Venue is proper because at the time these causes of action arose, Boeing transacted business in King County, Washington, and all of the events that support Plaintiff's allegations occurred in King County, Washington.

### III. EVENTS

3.1     Plaintiff, who has Bachelor's and Master's degrees in Aeronautical Engineering from Purdue University, began work for Defendant in or around May 1991 as a Stress Analysis Structural Engineer. During her twenty years of employment, Plaintiff held many different engineering positions in which she received uniformly good evaluations.

3.2     In January 2013, layoffs in Information Technology resulted in Plaintiff looking for another position within Boeing.   Weight Engineering had a vacant position which management had been trying to fill for over a year. The position required someone with experience in both Engineering and Software Development. Plaintiff was contacted by Robert Brown, Weight Engineering Manager and Robert McIntosh, Weight Engineering Chief Engineer who conducted an informal interview of Plaintiff. After explaining the duties of the job, Brown and McIntosh told Plaintiff that the job "was [hers] if [she] wanted it."  McIntosh inquired why Plaintiff was still classified as a Level 3 Engineer, to which Plaintiff responded that she had been process of being promoted in Information Technology prior to the layoff.  McIntosh told Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1  that the open position in Weight Engineering was a Level 4 position. When Plaintiff asked if

2  they would promote her during the transfer, they responded "that's a definite possibility."

3   3.3   Plaintiff was hired for the position in March 2013, but as a Level 3. When

4  Plaintiff inquired of Mr. Brown why she was not promoted to Level 4, he responded that money

5  was not available at the time and she would have the opportunity to prove herself. By June 2013,

6  Plaintiff had performed well and again inquired about the promotion to Level 4. He responded

7

8  that there was no money for promotions until April 2014.

9   3.4   In the Fall 2013, Plaintiff created an Employee Classification Worksheet

10  ("ECW") needed for promotion, which she shared with Brown in early December 2013. Brown

11  agreed with the content and requested that she add miscellaneous tasks to the ECW, which she

12

13  did. The ECW was then submitted in the promotion process. Brown also gave her a good

14  performance evaluation summarizing her performance as "Exceeds Expectations" and lauding

15  her "great job."

16   3.5   On information and belief, during the Christmas holidays, Brown learned that

17  Plaintiff was pregnant. Plaintiff worked until April, 2014, when her twin boys were born, at

18  which time she went on leave until September, 2014. In June, 2014, Plaintiff learned that her

19  position was still listed at Level 3, and inquired why she had not received the promotion. She

20  was told that Brown had stated that she no longer deserved the promotion since her performance

21

22  had fallen off since the beginning of 2014.

23   3.6   In August 2014, Plaintiff requested a Leave of Absence for Family Care through

24  the end of 2014. It was denied at the direction of Mr. Brown. Realizing that Mr. Brown was

25  discriminating against her because of her pregnancy, Plaintiff constructively discharged herself

26  on September 11, 2014.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

## IV.  FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - SEX

4.1     Plaintiff re-alleges paragraphs 1.1 through 3.6 as if fully set forth herein.

4.2     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., prohibits an employer from discriminating against an employee in her terms and conditions of employment because of her sex.

4.3     Defendant failed and refused to promote Plaintiff because of her sex.

4.4     As a direct and proximate result of Defendant Boeing's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, and other damages in amounts to be proved at trial.

## V.  THIRD  CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - PREGNANCY

5.1     Plaintiff re-alleges paragraphs 1.1 through 4.4 as if fully set forth herein.

5.2     The Pregnancy Discrimination Act of 1978 amended Title VII to add the following:

> (k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title shall be interpreted to permit otherwise.

5.3     Defendant failed and refused to promote Plaintiff because of her pregnancy.

5.4     On information and belief, Defendant treated Plaintiff less favorably than non-pregnant employees, thereby discriminating against her, because of her pregnancy.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 4

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL. 206.622.2086  FAX 206.233.9165

5.5    As a direct and proximate result of defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, and other damages in amounts to be proven at trial.

## VI.  CONSTRUCTIVE DISCHARGE

6.1    Plaintiff re-alleges paragraphs 1.1 through 5.5 as if fully set forth herein.

6.2    Defendant and its agents and representatives intentionally made the terms and conditions of Plaintiff's employment sufficiently onerous and discriminatory that she was left with no choice but to constructively discharge herself.

## VII.  PRAYER FOR RELIEF

Plaintiff requests this court order that this matter be heard by a jury and upon proof grant the following relief to correct defendants' unlawful actions by granting judgment against Defendant as follows:

1.    Injunctive relief mandating training, posting of notices, and other actions to insure compliance with the mandates of the anti-discrimination laws;

2.    General compensatory damages for emotional distress, humiliation and other damages;

3.    Reasonable attorneys' fees, expert witness fees, and costs and expenses;

4.    Pre-and post-judgment interest at the maximum rate allowed by law; and

5.    Such other and further and different relief as the court deems just and proper.

Dated this _____ day of February, 2018.

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.

Judith A. Lonnquist, WSBA No. 06421
Attorney for Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 5

Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Seattle Direct Dial: (206) 220-6884
TTY (206) 220-6882
FAX (206) 220-6911
Website: www.eeoc.gov

Charge No. 551-2015-00839

Kelly A. Kunack
14804 SE 170th St.
Renton, WA 98058

Charging Party

THE BOEING COMPANY
P.O. Box 3707/MC 9U-FE
Seattle, WA 98124

Respondent

<u>DETERMINATION</u>

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. Charging Party alleges that, because of her pregnancy, she was denied a promotion. Charging Party further alleges that she was denied additional leave that others, outside her protected class, had been granted, which resulted in her constructive discharge.

I have considered all of the evidence disclosed during the investigation and have determined that there is reasonable cause to believe that Respondent denied Charging Party a promotion in 2014 to a Level 4 Weights & Mass Property Engineer because of her pregnancy.

The Commission makes no finding with regard to any other basis/issue and/or statute alleged or construed to have been raised in the subject charge.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

If the Respondent declines to discuss settlement, or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's procedural regulations. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

SEP 2 7 2017

Nancy A. Sienko, Director
Seattle Field Office

Date

Exhibit B

EEOC Form 161-A (11/16)

## U.S. ( )AL EMPLOYMENT OPPORTUNITY COMM( )ION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  **Kelly A. Kunack**
14804 Se 170th St.
Renton, WA 98058

From:  **Seattle Field Office**
909 First Avenue
Suite 400
Seattle, WA 98104-1061

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **551-2015-00839** | **Alexandria Arbogast, Investigator** | **(206) 220-6884** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Nancy A. Slenko,
**Director**

NOV 2 1 2017

Enclosures(s)

(Date Mailed)

cc:

**THE BOEING COMPANY**
Attn: David J. Wuerch, EEO Manager
P.O. Box 3707, M/C 9u-Fe
Seattle, WA 98124